IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JANE DOE, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,<br>　　　　Plaintiff<br><br>　　　v.<br><br>GEISINGER HEALTH and DOE ENTITIES 1-99,<br>　　　　Defendants | No. 3:23cv1525<br><br>(Judge Munley)<br><br>Class Action |

## MEMORANDUM

Before the court is a class action complaint filed against Defendants Geisinger Health and Doe Entities 1-99 by Plaintiff Jane Doe on behalf of all others similarly situated. Plaintiff filed the complaint in the Lackawanna County Pennsylvania Court of Common Pleas, and defendants removed the case to this court. For the following reasons, the court concludes *sua sponte* that it lacks jurisdiction over this action and will remand it to state court.

## Background

According to the complaint, Defendant Geisinger Health operates hospitals and medical clinics in Pennsylvania, as well as a website, www.Geisingerhealth.org, which includes digital tools that Geisinger "encourages patients to use . . . to seek and receive health services." (Doc. 1-1, Compl. ¶¶ 7,

21, 23). Additionally, Geisinger maintains an online "patient portal" "which allows patients to make appointments, access medical records, view lab results, and exchange communications with their health care providers." (Id. ¶ 181). Plaintiff's complaint alleges that she has been a patient of Defendant Geisinger Health, and she has used the Geisinger website and patient portal to communicate about her medical conditions and treatments. (Id. 220).

Generally, plaintiff claims that Geisinger installed advertising technology – the Meta Pixel and Google Tag Manager - on its public website and patient portal. Plaintiff avers that when patients used the website and portal, these web analytics tools caused personal health information and personally identifiable information to be improperly transmitted to Meta Platforms, Inc. and Google. (See generally Doc. 1-1, Compl.)

Based on these assertions, plaintiff instituted the instant class action. Initially, she filed suit in the Lackawanna County Court of Common Pleas, and Defendant Geisinger removed the case to this court. (Doc. 1, Notice of Removal). The next day, plaintiff filed an amended complaint in this court. (Doc. 3). The amended complaint contains the following four state law causes of action: Count I, Violation of Wiretapping and Electronic Surveillance Control Act ("WESCA"), 18 PA. CON. STAT. § et seq.; Count II, Invasion of Privacy – Intrusion Upon Seclusion under Pennsylvania law; Count III, Breach of Duty of

2

Confidentiality under Pennsylvania law; and Count IV, Unjust Enrichment under Pennsylvania law. The amended complaint contains no causes of action based upon federal law, and the parties are not diverse. (See generally id.)

Plaintiff filed her original complaint in the Lackawanna County Court of Common Pleas on May 4, 2023. (Doc. 1-1). Defendant removed the case to this court on September 14, 2023. (Doc. 1). The court will remand this action *sua sponte* based upon binding precedent that has been issued since the defendant removed the case.

**Jurisdiction**

Federal courts, being courts of limited jurisdiction, have a continuing duty to satisfy themselves of jurisdiction before addressing the merits of a case. Packard v. Provident Nat'l Bank, 994 F.2d 1039, 1049 (3d Cir. 1993). Moreover, federal courts have an obligation to address issues of subject matter jurisdiction *sua sponte*. Zambelli Fireworks Mfg. Co., Inc. v. Wood, 592 F.3d 412, 418 (3d Cir. 2010) (citation omitted); Shaffer v. GTE North, Inc., 284 F.3d 500, 502 (3d Cir. 2002).

In the removal context, a district court has the authority–indeed the obligation–to remand a case *sua sponte* for lack of subject matter jurisdiction. 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."); see Liberty

Mut. Ins. Co. v. Ward Trucking Corp., 48 F.3d 742, 750 (3d Cir. 1995) ("[Section 1447(c)] allows and indeed compels a district court to address the question of jurisdiction, even if the parties do not raise the issue.").

**Discussion**

A federal court must remand a case if the court determines that it lacks federal subject matter jurisdiction. 28 U.S.C. § 1447(c).  Subsequent to the removal in the instant case, the Third Circuit Court of Appeals issued an opinion which calls this court's jurisdiction into question.  See Mohr v. Trustees of the Univ. of Pa., 93 F.4th 100 (3d Cir. 2024).  The court will examine its jurisdiction pursuant to this recent case.[1]

In its Notice of Removal, Geisinger indicates that this case is removable pursuant to the "Federal Officer Removal" statute, 28 U.S.C. § 1442(a)(1).  This statute provides that:

> (a) A civil action or criminal prosecution that is commenced in a State court and that is against or directed to any of the following may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending:
> (1) The United States or any agency thereof **or any officer (or any person acting under that officer) of the United States or of any agency thereof, in an official or individual capacity, for or relating to any act under color of such office** or on account of any right, title or authority claimed under any Act of Congress for the apprehension or punishment of criminals or the collection of the revenue.

---

[1] Plaintiff's amended complaint contains no averments as to this court's subject matter jurisdiction.  The amended complaint indicates that plaintiff intends to file a motion to remand. (Doc. 3, Am. Compl. at 4, n.1).  Plaintiff has not yet filed such a motion.

4

28 U.S.C. § 1442(a)(1) (emphasis added).

Thus, this statute provides subject matter jurisdiction to this court regarding certain officers of the United States, and "private persons who lawfully assist [a] federal officer in the performance of his official duty to remove a case to federal court." Mohr, 93 F.4th at 104 (internal citation and quotation marks omitted). The purpose of the statute is to "protect[] officers of the federal government from interference by litigation in state court while those officers are trying to carry out their duties." Papp v. Fore-Kast Sales Co., 842 F.3d 805, 811 (3d Cir. 2016). Defendant Geisinger argues that, although it is a private entity, it has "acted within the penumbra of federal action and office" and thus falls under the above-quoted statute. (Doc. 1, Not. of Removal ¶ 21).

The Third Circuit Court of Appeals has explained that the Federal Officer Removal Statute "is to be liberally construed in favor of the federal forum." Cessna v. REA Energy Coop., 753 F. App'x 124, 125 (3d Cir. 2018) (citing Watson v. Philip Morris Cos., 551 U.S. 142, 147 (2007)). However, the statute's broad language "is not limitless. And a liberal construction nonetheless can find limits in a text's language, context, history, and purposes." Watson, 551 U.S. at 147.

To establish subject matter jurisdiction and remove a case under § 1442(a)(1), a defendant must meet four requirements:

> (1) the defendant must be a "person" within the meaning of the statute; (2) the plaintiff's claims must be based upon the defendant "acting under" the United States, its agencies, or its officers; (3) the plaintiff's claims against the defendant must be "for or relating to" an act under color of federal office; and (4) the defendant must raise a colorable federal defense to the plaintiff's claims.

Mohr, 93 F.4th at 104 (quoting Maglioli v. All. HC Holdings, LLC, 16 F.4th 393, 403, 404 (3d Cir. 2021) (quoting § 1442(a)(1))). The removing defendant bears the burden of establishing that each requirement is met. Id. In the instant matter, defendants' notice of removal fails to establish that this case is removable under 28 U.S.C. § 1442(a)(1).

Per the defendants, the federal government has since at least 2004 directed and overseen a public-private initiative to develop a nationwide infrastructure for health information technology pursuant to its "Meaningful Use Program." (Doc. 1, Not. of Removal ¶ 17-18). The defendant argues that application of section 1442(a)(1) to remove this action from state court is appropriate because the website and patient portal at issue were developed in furtherance of the federal government's "Meaningful Use Program". (Id. ¶ 17).

After the defendants filed the Notice of Removal, the Third Circuit Court of Appeals issued an opinion regarding the application of the Federal Officer Removal statute to actions such as the instant case. The Third Circuit focused on the second requirement for section 1442(a)(1) applicability, that is, whether

the plaintiff's claims are based upon the defendant "acting under" the United States, its agencies, or its officers.

In Mohr, supra, the court addressed a fact pattern nearly identical to the one in the instant case. The plaintiff brought a class action suit against the Hospital of the University of Pennsylvania Health System arguing that the defendant health system shared its patients' identities, and sensitive health information from its patient portals in violation of Pennsylvania state law. Mohr, 93 F.4th at 102-03. The hospital argued that it acted under the United States, its agencies, or its officers because it acted pursuant to the Meaningful Use Program, which was created in 2010 by the Centers for Medicare and Medicaid Services, an agency within the Department of Health and Human Services. See 42 C.F.R. §§ 495.2-495.110; Mohr, 93 F.4th at 103. The program created certain objectives for Medicare-providers to meet in order to qualify for certain incentive payments and to avoid reductions in Medicare reimbursements. Id. at 103.

The hospital argued that it "receives incentive payments from the federal government under the [Meaningful Use] Program and avoids reductions in Medicare reimbursements, in part because it operates Penn Medicine's patient' portal." Id. at 105. The Third Circuit explained, however, that "[t]he federal government did not delegate any legal authority to Penn to operate a patient portal *on behalf of* the government. Absent private action, the federal

7

government itself would not be operating any patient portal.  When Penn operates Penn Medicine's patient portal, it is not doing the government's business; it is doing its own." Id. at 105 (internal citations omitted).

Here, defendant alleges that 28 U.S.C. § 1442(a)(1) applies because its actions were undertaken pursuant to the Meaningful Use Program . (See, e.g., Doc. 1, Not. of Removal ¶¶ 24-38).  As explained in Mohr, merely because a healthcare provider acts pursuant to the Meaningful Use Program, this does not mean that the hospital meets the "acting under" requirement of section 1442(a)(1).

In support of its notice of removal, the defendant cites to a case where a similar state court action was found to have been properly removed to federal court.  Doe 1 v. UPMC, No. 20-cv-359, 2020 WL 4381675, at *6 (W.D. Pa. July 31, 2020). (See Doc. 1, Not. of Removal at ¶ 3).  The Third Circuit Court of Appeals, however, has since held: "We reject the court's holding in Doe 1." Mohr, 93 F.4th at 106.  Accordingly, Doe 1 does not provide persuasive authority for defendant's position.

**Conclusion**

Because defendant's notice of removal relies on arguments that have been rejected by the Third Circuit Court of Appeals to establish that the Federal Officer Removal Statute applies, the court concludes that removal is inappropriate, and

the court lacks subject matter jurisdiction. The court will thus remand this case to the Lackawanna Court of Common Pleas pursuant to 28 U.S.C. § 1447(c). An appropriate order follows.

Date: 2/24/25

JUDGE JULIA K. MUNLEY
United States District Court